UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE KARPINSKI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 2:17-CV-00325-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

　　　　This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 6; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed. *See* Dkts. 14, 15, 16.

　　　　After considering and reviewing the record, the Court concludes the ALJ provided a specific and legitimate reason supported by substantial evidence for discounting the

medical opinions of Theodore Braun, M.D. and Mark Magdaleno, M.D. The Court also concludes that the ALJ provided at least one specific, cogent reason supported by substantial evidence to discount plaintiff's complaints regarding his physical limitations. Therefore, this matter should be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, GEORGE KARPINSKI, was born in 1960 and was 48 years old on the alleged date of disability onset of February 1, 2009. *See* AR. 351-52. Plaintiff completed high school and started college, but did not finish. AR. 107. Plaintiff has work experience as a sales engineer, technician, consultant and manager in telecommunications. AR. 406-412. He last worked in an IT position, but was terminated after twice falling asleep on the job. AR. 100.

According to the ALJ, through the date last insured, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine, diabetes mellitus, rheumatoid arthritis, affective disorder, anxiety disorder and somatoform disorder (20 CFR 404.1520(c))." AR. 19.

At the time of the hearing, plaintiff was living with his wife and mother in a house rented to his mother. AR. 97, 99, 105.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 161, 175. Plaintiff's requested hearings were held before

Administrative Law Judge Kimberly Boyce ("the ALJ") on June 16, 2014 (*see* AR. 85-115); December 31, 2014 (*see* AR. 116-29), and June 24, 2015 (*see* AR. 130-39). On August 13, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR.13-37.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in her weighing of the medical opinion evidence; and (2) The ALJ erred in her credibility assessment. *See* Dkt. 14, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether the ALJ erred in her treatment of the medical opinion evidence?**

Plaintiff argues that the ALJ erred in her treatment of the medical opinions of treating physician Theodore Braun, M.D. and examining physician Mark Magdaleno, M.D. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But

when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

### a. Theodore Braun, M.D.

Theodore Braun, M.D. began treating plaintiff in February 2015. AR. 1341-47. The purpose of the visit was to establish care and to discuss plaintiff's arthritis, diabetes, and blood pressure. AR. 1342. Dr. Braun charted plaintiff's medical history and referred him to social work for his depression and rheumatology for his rheumatoid arthritis. AR. 1344. Dr. Braun treated plaintiff three more times between February 2015 and April 2015. AR. 1316-1340. On April 22, 2015, Dr. Braun submitted a letter in support of plaintiff's disability application. AR. 1381. Dr. Braun opined that plaintiff's anxiety/depression, diabetes, and rheumatoid arthritis "impose significant disability on [plaintiff] and preclude him from working for the foreseeable future." AR. 1381. Dr. Braun also noted that "I believe that delays in his [disability] application are producing significant financial strain on [plaintiff], which is negatively affecting the management of the aforementioned chronic medical conditions." AR. 1381.

The ALJ assigned little weight to Dr. Braun's opinion, noting that it was rendered after plaintiff's insured status expired. AR. 27. The ALJ noted that plaintiff's diabetes and rheumatoid arthritis were well-controlled when plaintiff's insured status expired. AR. 27-28. The ALJ also noted that plaintiff's mood and affect were normal in early 2015. AR. 28. The ALJ observed that Dr. Braun did not cite any objective support for his opinion and did not provide a function-by-function assessment. AR. 28. Finally, the ALJ noted that "whether the claimant is disabled is an administrative finding and an issue reserved to the Commissioner." AR. 28.

First, the ALJ appears to discount Dr. Braun's opinion because it was rendered after the period of disability. AR. 27. However, the Ninth Circuit has "held that 'medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'" *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (quoting *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988)) (footnote omitted); *cf. Taylor v. Comm'r SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("if the Appeals Council rejected Dr. Thompson's opinion because it believed it to concern a time after Taylor's insurance expired, its rejection was improper"). Thus, the ALJ erred by discounting Dr. Braun's medical opinion on this basis.

Second, the ALJ discounted Dr. Braun's opinion that plaintiff was disabled because "whether the claimant is disabled is an administrative finding and an issue reserved to the Commissioner." AR. 28. However, according to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v Colvin*,

759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)). Thus, the ALJ also erred by rejecting Dr. Braun's opinion because he opined on the ultimate issue of disability.

Third, the ALJ discounted Dr. Braun's opinion because plaintiff's diabetes and rheumatoid arthritis were well-controlled when plaintiff's insured status ended. In addition, the ALJ noted that plaintiff's mood and affect were normal during the period in which Dr. Braun rendered his opinion. In reaching this determination, the ALJ did not cite to any records regarding plaintiff's diabetes or rheumatoid arthritis. With respect to plaintiff's mood and affect, the ALJ cited to reports dated January 15, 2015, April 26, 2015, and April 27, 2015 as evidence that plaintiff's mood and affect were normal (AR. 28). An ALJ may discount a doctor's opinion that is inconsistent with the medical record. *Tommasetti v. Astrue*, 544 F.3d 1035, 1041 (9th Cir. 2008). However, here, the evidence of record does not entirely support the ALJ's findings. For example, with respect to mood and affect, Dr. Braun's own treatment records demonstrate that plaintiff presented with anxiety and depression at his visits. *See* AR. 1327, 1334, 1342. Thus, discounting Dr. Braun's opinion based upon plaintiff's mood and affect is not supported by substantial evidence. The ALJ did not provide citations to the record nor did she provide analysis explaining why Dr. Braun's opinion was discounted due to plaintiff's rheumatoid arthritis and diabetes. Thus, the ALJ failed to provide a specific and legitimate reason for discounting Dr. Braun's opinion for this additional reason.

Fourth, the ALJ rejected Dr. Braun's opinion because he had only seen plaintiff four times when he rendered his opinion. When evaluating the weight to be given to a

treating doctor, the ALJ considers a number of factors in deciding the weight to give to the medical opinion, including the length of the treatment relationship and the frequency of examination, as well as the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c); *see also* 20 C.F.R. § 416.927(c); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)) (unpublished amended opinion). Thus, an ALJ may properly consider the length of treatment when evaluating a medical opinion. However, here, the ALJ's statement regarding the length of Dr. Braun's treatment relationship is conclusory and lacks the specificity required by the Court. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Finally, the ALJ rejected Dr. Braun's opinion because he did not provide any objective support for his opinion and he did not include a function by function analysis. AR. 28. A doctor is not required to provide a function by function analysis of the bases for her disability opinion. However, "when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001)). An ALJ need not accept a treating physician's opinion which is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Young v. Heckler,* 803 F.2d 963, 968

(9th Cir.1986)). Here, the Court finds that Dr. Braun's letter is conclusory and does not contain any functional limitations or the reason why he believes plaintiff to be completely disabled for the "foreseeable future." AR. 1381. Dr. Braun does not explain how he believed plaintiff would be disabled or the basis for his opinion that the disability would last for the "foreseeable future." Moreover, Dr. Braun's treatment notes do not contain any basis for his determination that plaintiff is completely disabled. Thus, the ALJ's rejection of Dr. Braun's letter as unsupported by objective evidence is a specific and legitimate reason for rejecting Dr. Braun's opinion regarding plaintiff's disability

Moreover, including one or more erroneous reasons for rejecting a medical opinion among other reasons is harmless error where the other reason is supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination. *See Carmickle*, 533 F.3d at 1162. As noted above, the Court finds the ALJ properly rejected the Dr. Braun's medical opinion as unsupported by objective evidence. Thus, because rejection of Dr. Braun's opinion on this basis was specific and legitimate, the Court finds the ALJ's treatment of Dr. Braun's opinion is supported by substantial evidence.

Plaintiff asserts that the ALJ should have contacted Dr. Braun for clarification before rejecting his opinion. "The claimant bears the burden of proving that she is disabled." *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999). An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination. 20 C.F.R. §§ 404.1512(e), 416.912(e); *Thomas,* 278 F.3d at 958. Here, Dr. Braun's opinion was not ambiguous—he clearly opined that he

believed plaintiff was disabled for the foreseeable future. Furthermore, the ALJ, with support in the record, found the evidence adequate to make a determination regarding plaintiff's disability. Accordingly, the ALJ did not have a duty to contact Dr. Braun.

### b. Mark Magdaleno, M.D.

Mark Magdaleno, M.D. conducted a Physical Functional Evaluation on February 20, 2013. AR. 561-67. As part of his evaluation, Dr. Magdaleno examined plaintiff, including completing a Range of Joint Motion Evaluation Chart (AR. 566-67) and reviewing a radiology report (AR. 564). Dr. Magdaleno observed that plaintiff was in "obvious discomfort" and that he had "trouble getting into the chair and is limited in sitting." AR. 562. Dr. Magdaleno opined that plaintiff would be limited to sedentary work for 8 months. AR. 563. Dr. Magdaleno also opined that plaintiff was severely limited in his ability to sit, stand, walk, lift, carry, push, pull, stoop, and crouch. AR. 562.

The ALJ assigned little weight to Dr. Magdelano's opinion because it was "rendered prior to the removal of the malfunctioning neurostimulator that was actually causing the claimant pain." AR. 26. The ALJ also noted that after the device was removed in May 2013, treatment records indicate that plaintiff's symptoms improved. AR. 26. The ALJ further observed that "Dr. Magdaleno estimated that the degree of limitation he opined would only last eight months, which does not meet the 12-month duration requirement." AR. 26.

An ALJ may properly discount a medical opinion where that opinion is inconsistent with the record as a whole, which indicates the claimant improved and stabilized with treatment. *See Batson*, 359 F.3d at 1195 (an ALJ may properly reject a

medical opinion that is inconsistent with the record); *see, e.g., Lawson v. Colvin*, 2013 WL 6095518 (W.D. Wash. Nov. 20, 2013) (ALJ properly discounted physician's opinion as inconsistent with the record as a whole, which indicates the claimant improved and stabilized with treatment); *Nance v. Colvin*, 2014 WL 3347027 (C.D. Cal. July 8, 2014) (discounting opinion in part because it predated knee surgery which resulted in "overall improvement"). Here, the record demonstrates that plaintiff improved with treatment, particularly after the neurostimulator was removed, which occurred after Dr. Magdaleno rendered his opinion. *See, e.g.*, AR. 500, 530, 1265.

Regardless, the Court need not decide whether Dr. Magdelano's opinion is inconsistent with the record as a whole because he opined that plaintiff's impairments would last only eight months. AR. 563. Any impairment that does not last continuously for twelve months does not satisfy the requirements to be determined to be a severe impairment. 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c), 416.905(a), 416.912(a) and (c); *Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir. 1995); *Carmickle*, 533 F.3d at 1165 (affirming ALJ's finding that treating physicians' short term excuse from work was not indicative of "claimant's long term functioning."). Thus, the ALJ properly discounted Dr. Magdelano's medical opinion on this basis. As the ALJ offered at least one specific and legitimate reason supported by substantial evidence to discount Dr. Magdelano's opinion, the Court upholds the ALJ's determination. *See Carmickle*, 533 F.3d at 1162.

**(2)  Whether the ALJ erred in evaluating plaintiff's credibility?**

Plaintiff also argues that the ALJ erred in assessing his subjective complaints. Dkt. 14, pp. 15. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (citing *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many

medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Here, the ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." AR. 23. With respect to plaintiff's physical limitations, the ALJ noted that contrary to plaintiff's statements, records indicate that plaintiff had no side effects from medicine and that medications controlled or improved his symptoms. AR. 23-25. The ALJ also noted that plaintiff appeared normal and with no discomfort at medical exams, and that "[n]one of the imaging obtained through the date last insured was described as showing erosive changes from inflammatory arthritis." AR. 24. With respect to plaintiff's mental impairments, the ALJ noted that plaintiff's activities— including visiting Romania and getting married—undermined plaintiff's claims. AR. 25. Moreover, the ALJ noted that when plaintiff was seen for physical impairments, doctors noted plaintiff's mood and affect were normal. AR. 25.

As an initial matter, plaintiff appears to assert that because he earned a high income prior to becoming allegedly disabled, then his "strong history" should weigh in his favor and the Court should consider this factor when evaluating the ALJ's determination regarding plaintiff's subjective complaints. *See* Dkt. 14, p. 13. While the

Court appreciates plaintiff's position, it is not within the purview of this Court to re-weigh the considerations before the ALJ and there is no regulation or case law provides that requires an ALJ to consider a strong work history as support for an application to obtain disability benefits.

In addition, plaintiff did not address each of the reasons the ALJ provided for discounting his testimony. *See* Dkt. 14, pp. 13-15. Rather, plaintiff argued that the ALJ "concluded that the medical evidence did not support a finding that Plaintiff's arthritis would prevent him from working and that there was no evidence of a dramatic worsening in Plaintiff's conditions since the prior ALJ decision." Dkt. 13, p. 14. Plaintiff did not address the ALJ's determination regarding his mental impairments. In his reply brief, plaintiff noted that he was not alleging error based upon the ALJ's treatment of his mental impairments and that his argument "centered on the ALJ's consideration of the evidence pertaining to Plaintiff's physical impairments." Dkt. 16, pp. 1-2. The Court agrees that plaintiff has not addressed the ALJ's treatment of his subjective complaints regarding his mental impairments. Therefore, the Court limits its analysis of the ALJ's decision to discount plaintiff's testimony to the ALJ's determination regarding plaintiff's physical impairments. *Cf. Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) ("appellants cannot raise a new issue for the first time in their reply briefs") (citing *U.S. v. Puchi*, 441 F.2d 697, 703 (9th Cir. 1971), *cert. denied*, 404 U.S. 853 (1971)); *U.S. v. Levy*, 391 F.3d 1327, 1335 (11th Cir. 2004) ("raise the issue in your initial brief or risk procedural bar").

First, the ALJ determined that plaintiff's subjective complaints regarding his physical limitations and pain were undermined by the objective medical records. A determination that a claimant's subjective complaints are inconsistent with clinical findings can satisfy the clear and convincing requirement. *See Regennitter v. Commissioner of Social Security Admin.,* 166 F.3d 1294, 1297 (9th Cir.1998). However, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Rather, to discount a claimant's testimony regarding pain, an ALJ "must state *which* [such] testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834. Here, the ALJ summarized evidence contained in medical records, but only some of the cited medical records are moored to specific testimony or statements the ALJ found not credible. *See* AR. 23-26. The Court finds that the ALJ's determination that plaintiff's testimony regarding the side effects of his medication is inconsistent with the medical records is supported by substantial evidence. Although plaintiff stated that his pain medications caused him to be sleepy and caused side effects (*see* AR. 23 citing AR. 405), as noted by the ALJ, numerous medical records undermine plaintiff's testimony that he had side effects from his medication. *See* AR. 23 (citing AR. 420, 500, 1003).

However, with respect to plaintiff's rheumatoid arthritis and diabetes, the ALJ failed to identify *which* testimony is not credible and *why* plaintiff's testimony is not credible based upon the alleged inconsistency. The ALJ simply recited the medical

evidence related to plaintiff's rheumatoid arthritis (*see* AR. 24) and stated that "[o]verall, the medical records do not support a conclusion that the recently diagnosed rheumatoid arthritis would have prevented the claimant from working at any point through the date last insured, at which point his symptoms were under good control." AR. 24-25. Similarly, with respect to plaintiff's diabetes, the ALJ outlined the medical evidence and noted that the diabetes appeared to be under control without any medication. AR. 25. The ALJ did not explain whether and how the medical records related to plaintiff's rheumatoid arthritis and diabetes undermine his testimony, which is legal error. *See Dodrill*, 12 F.3d at 917. Indeed, it is unclear if the ALJ even intended to discount any of plaintiff's statements regarding his rheumatoid arthritis and diabetes. Accordingly, the ALJ erred in part by discounting plaintiff's testimony based on inconsistency with the treatment record. However, discounting plaintiff's testimony regarding his pain medication and side effects is specific and legitimate and supported by substantial evidence.

Second, the ALJ determined that medical records demonstrate improvement and thus indicate that plaintiff's symptoms were not as severe as alleged. An ALJ may discount a claimant's testimony on the basis of medical improvement. *See Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). Moreover, even if the ALJ explains her decision with "less than ideal clarity," the Court must uphold her decision if the ALJ's "path may reasonably be discerned." *Molina v. Astrue,* 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation and citation omitted). As noted, the ALJ listed numerous medical records as evidence that

plaintiff's complaints regarding his physical impairments were not as severe as alleged. In this case, the medical evidence cited by the ALJ supports the ALJ's determination that plaintiff's diabetes, arthritis, and pain were controlled or improved by medication or diet. *See* AR. 23-25. For example, with respect to his complaints of pain, the ALJ correctly noted that medical records indicate that plaintiff's pain was controlled or improved with medication and that plaintiff was pleased when the malfunctioning dorsal column stimulator was removed. AR. 500, 530, 1265. In addition, the record demonstrates that plaintiff's rheumatoid arthritis was under control with medication. AR. 1257, 1265. Finally, the record demonstrates that plaintiff stopped taking medication and was able to control his diabetes with diet. AR. 500, 1003. Thus, the ALJ properly discounted plaintiff's allegations of disabling limitations based upon medical evidence demonstrating improvement of symptoms. *See Morgan*, 169 F.3d at 599. Thus, the ALJ provided a specific and legitimate reason supported by substantial evidence to discount plaintiff's complaints regarding his physical symptoms.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006). The Court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted). Here, while the ALJ erred in part in discrediting plaintiff's testimony based on her findings that plaintiff's testimony was inconsistent with his

treatment history and medical records, the ALJ also provided a valid reason for discrediting plaintiff. The ALJ's specific, cogent reason supported by substantial evidence is sufficient to support the ALJ's decision to discredit plaintiff. As such, the ALJ's error is harmless. *Molina*, 674 F.3d at 1115.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED**.

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 30th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge